IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ALLSTATE INDEMNITY COMPANY                                              PLAINTIFF

V.                                            CIVIL ACTION NO. 1:15CV00073-NBB-DAS

TERRY W. RICHEY, II, AND
BNA BANK A/K/A
BANK OF NEW ALBANY                                                    DEFENDANTS

## **MEMORANDUM OPINION**

This cause comes before the court upon the plaintiff Allstate Indemnity Company's motion for summary judgment or, in the alternative, for partial summary judgment; its supplemental motion for summary judgment; its motion to dismiss certain claims; and its motion to strike. Upon due consideration of the motions, responses, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

Plaintiff Allstate Indemnity Company issued a "landlords package policy with builders risk coverage" to defendant T.J. Richey for the period of October 17, 2014, to October 17, 2015. On October 22, 2014, the property at issue, 254 County Road 1562 in Tupelo, Mississippi, suffered a fire loss. Allstate retained EFI Global to investigate the cause of the fire which was ultimately classified as "undetermined."

Prior to the fire loss, Richey telephoned Brittany McGee, an agent with the Stephen Hood Insurance Agency, to inquire about the policy for the loss property. McGee obtained some initial information from Richey over the telephone, and the following day Richey came to McGee's office to finalize the application process. The information Richey provided was sent electronically to Allstate in order for the company to determine whether it would bind coverage.

During her interview with Richey, McGee inquired as to whether the property was under a mortgage or any liens, to which Richey answered in the negative. It is undisputed that Richey misrepresented the lienholder information as well as certain other facts when applying for the policy. Richey listed himself as the applicant and owner of the property in question and signed the application as an individual, not as the representative of his LLC, C&R Holdings, which was the true owner of the property. He further represented that he had no prior insurance loss and had never had a policy of insurance canceled or non-renewed. It was revealed during the investigation, however, that C&R Holdings had claimed a prior loss and had insurance canceled or non-renewed.

Prior to making its coverage determination, Allstate requested that Richey be examined under oath in January 2015, pursuant to the terms and conditions of the policy. Richey complied and testified during this examination under oath that C&R Holdings, LLC, was the actual owner of the property. He further admitted that C&R had a prior insurance loss claimed in January 2014 and had insurance canceled or non-renewed by MESA Insurance Company approximately nine months prior to Richey's application with Allstate.

Allstate has presented the affidavit of its representative, Tara Murnane, an underwriter and analyst with the company, who stated that if Allstate had been apprised of the true facts regarding the ownership of the property and other material information about the true owner, C&R Holdings, LLC, including C&R's loss history and prior cancellation or non-renewal of insurance, the policy in this case would not have been issued.

Allstate ultimately denied coverage based on the foregoing misrepresentations and advised Richey of its decision in an April 16, 2015 letter from its claim representative Wilbur

2

Jordan, a copy of which Allstate attached to its complaint. Allstate filed its complaint for declaratory judgment and other relief in this court the following day. Allstate seeks a declaration from this court that the policy is void in its entirety and that Richey has no legitimate claim to any proceeds under the policy.

Allstate also named the Bank of New Albany ("BNA"), the apparent mortgagee of the loss property, as a defendant and asks the court to confirm that the bank has no claim to any proceeds under the policy. BNA was properly and timely served but did not answer or otherwise appear to defend this action. Allstate has filed a motion for default judgment against BNA, which the court will address separately.

Richey answered Allstate's complaint and filed counter-claims for bad faith refusal to pay the benefits of coverage, tortious breach of contract, and damages for pain and suffering. Richey seeks actual and punitive damages. Allstate subsequently moved for summary judgment on its own claims and, alternatively, for partial summary judgment as to Richey's counter-claims. Allstate also filed a separate motion to dismiss Richey's counter-claim for pain and suffering after Richey submitted an answer to an interrogatory propounded by Allstate in which he admitted he had no such claim.

Allstate also filed a supplemental motion for summary judgment based on the fact that Richey accepted and cashed Allstate's check for return of premium in the amount of $196.37. Allstate asserts that Richey's acceptance and negotiation of this check acts "as an acknowledgment of his agreement that the policy is void and, as a result, provides no coverage for the October 22, 2014 loss, barring any claim that could be asserted under the policy." The April 16, 2015 letter in which Allstate advised Richey of its denial of coverage stated, in part:

3

> Since the policy has been determined to be void, all premiums are being returned to you in the amount of $196.37. You are advised that acceptance of this premium will be regarded as your acknowledgment of your agreement that the policy is void and, as a result, that the policy provides no coverage for the above loss and would bar any claim you could assert under the policy.

Finally, Allstate has also moved to strike Richey's response to Allstate's motion for summary judgment or, in the alternative, for partial summary judgment as untimely.

## Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and . . . designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Summary judgment, although a useful device, must be employed cautiously because it is a final adjudication on the merits." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989).

## Analysis

In Mississippi, a material misrepresentation of fact in an insurance policy application provides grounds to declare the policy issued in reliance thereon void *ab initio* and to rescind the policy. *Massachusetts Mut. Life Ins. Co. v. Nicholson*, 775 F. Supp. 954 (N.D. Miss. 1991); *Nationwide Mut. Fire Ins. Co. v. Dungan*, 634 F. Supp. 674, 681 (S.D. Miss. 1986). If the

4

insurance company provides proof that the application contains material misstatements of fact, as here, the company does not have to prove intent to misrepresent material facts on the part of the insured. *Dungan*, 634 F. Supp. at 681 (citing *Dukes v. South Carolina Ins. Co.*, 590 F. Supp. 1166, 1169 (S.D. Miss. 1984)). A misstatement is material to the risk "if knowledge of the true facts would have influenced a prudent insurer in determining whether to accept the risk." *Nicholson*, 775 F. Supp. at 959. "Materiality is determined by reference to the time of the misrepresentation." *Republic Fire and Cas. Ins. Co. v. Azlin*, No. 4:10-CV-037-SA-JMV, 2012 WL 4482355, at *6 (N.D. Miss. Sept. 26, 2012) (citing *Edmiston v. Schellenger*, 343 So. 2d 465, 467 (Miss. 1977)). "The party seeking to void the insurance contract . . . must establish the existence of a factual misrepresentation and its materiality by clear and convincing evidence." *Carroll v. Metropolitan Ins. and Annuity Co.*, 166 F.3d 802, 805 (5th Cir. 1999). "If the applicant for insurance undertakes to make a positive statement of fact, if it be material to the risk, such fact must be true. It is not sufficient that he believe it true, but it must be so in fact, or the policy will be avoided." *Dungan*, 634 F. Supp. at 681. Therefore, "[w]hether the misrepresentation was intentional, negligent, or the result of mistake or oversight is of no consequence." *Carroll*, 166 F.3d at 805.

The threshold inquiry in the case *sub judice* is whether Allstate relied upon material but untrue information in issuing the policy to Richey and whether the company would have issued the policy if the accurate facts had been known. It is undisputed that Richey provided misstatements of fact as to the ownership of the property, the loss history, and whether the insured had a policy canceled or non-renewed. It is also undisputed that Allstate reasonably

5

relied upon these misstatements of fact in issuing the policy and would not have issued the policy if the true facts had been known.

In response to the plaintiff's motion for summary judgment, Richey states that he believed he was signing the application on behalf of the LLC. As set forth above, under Mississippi law it is irrelevant whether Richey's misstatements were intentional, negligent, or the result of mistake or oversight.

Richey also argues that Allstate denied his claim due to his undisclosed prior felony conviction. Allstate maintains, and the record reflects, that Allstate does not take a position regarding Richey's felony conviction and did not base its denial of coverage on this matter. Richey's argument to this effect is therefore not relevant to the coverage issues presently before the court.

In his examination under oath, Richey admitted that he does not own the loss property as an individual and that it was in fact owned by C&R Holdings, LLC. He further admitted that C&R Holdings, LLC, had claimed a prior loss, though he represented in his application that he had no prior losses. He also admitted that C&R Holdings, LLC, had been canceled or non-renewed by MESA Insurance Company prior to Richey seeking coverage with Allstate. Richey does not dispute that he provided the inaccuracies upon which Allstate reasonably relied in issuing the insurance policy in question. Allstate's representative testified that Allstate would not have issued the policy had it been apprised of the true facts regarding these matters in Richey's application, and Richey does not contest this assertion. The court, therefore, finds no genuine dispute as to the materiality of Richey's misrepresentations, as a misrepresentation is material if it affects either the acceptance of the risk or the hazard assumed by the company.

*Mattox v. Western Fidelity Ins. Co.*, 694 F. Supp. 210, 214 (N.D. Miss. 1988). For these reasons, no genuine issue of material fact exists, and Allstate is entitled to judgment as a matter of law.

Richey filed counter-claims for bad faith refusal to pay the benefits of coverage, tortious breach of contract, and pain and suffering. The court's ruling above renders these claims and, likewise, Allstate's corresponding motion for partial summary judgment on these claims, moot. Allstate also moved separately to dismiss Richey's claim for pain and suffering based on his admission in a propounded interrogatory that he claims no physical or emotional injury in this case. The court would grant this motion if it were not rendered moot by the court's ruling on the plaintiff's motion for summary judgment. Allstate's supplemental motion for summary judgment and motion to strike Richey's response are also moot.

## Conclusion

For the foregoing reasons, the court finds that the plaintiff's motion for summary judgment is well taken and should be granted. The remaining pending motions, with the exception of Allstate's motion for default judgment, are rendered moot by the court's ruling herein. The court will address the motion for default judgment separately. A separate order in accord with this opinion shall issue this day.

This, the 15th day of September, 2016.

    /s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**