IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ALLSTATE INDEMNITY COMPANY                                              PLAINTIFF

V.                                             CIVIL ACTION NO. 1:15CV00073-NBB-DAS

TERRY W. RICHEY, II, AND
BNA BANK A/K/A
BANK OF NEW ALBANY                                                     DEFENDANTS

## DEFAULT JUDGMENT

Presently before the court is the plaintiff's motion for default judgment against defendant BNA Bank a/k/a Bank of New Albany. Upon due consideration of the motion, the attorney affidavit, and the applicable rules, the court finds as follows:

This lawsuit arises from an October 22, 2014 fire loss at 254 County Road 1562 in Tupelo, Mississippi, and the investigation that followed after defendant Terry W. Richey, II, filed a claim under a policy issued by plaintiff Allstate Indemnity Company. The cause of the fire was deemed "undetermined" by the investigator, and Allstate denied coverage based on the fact that Richey had misstated material information in his application for the policy. Allstate brought this action seeking a declaration from this court that the policy is void in its entirety and that Richey has no legitimate claim to any proceeds under the policy. Allstate moved for summary judgment to this effect, and the court has granted the motion in a separate order and opinion.

Allstate also named the Bank of New Albany ("BNA"), the apparent mortgagee of the loss property, as a defendant and asks the court to confirm that the bank has no claim to any proceeds under the policy. BNA was properly and timely served but did not answer or otherwise

appear to defend this action. Allstate moved for Clerk's Entry of Default, and default was entered. Allstate subsequently moved for default judgment.

In ruling on a motion for default judgment, given the defendant's failure to answer the complaint, the court accepts all well-pleaded factual allegations in the complaint as true, except those regarding the amount of damages. *United States for Use of M-Co Const., Inc. v. Shipco General, Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) ("A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages."). Allstate alleges no actual damages against BNA, however. Allstate asserts that BNA has but an equitable interest in this matter, if any, and seeks only a declaration from this court that BNA has no right to any proceeds from the Allstate policy at issue.

"Rule 55(b)(2) does not require the district court to hold either an evidentiary hearing or oral argument on a motion for default judgment." *Securities and Exchange Comm'n v. First Financial Group of Texas, Inc.*, 659 F.2d 660, 669 (5th Cir. 1981). "[V]alid service of process puts a defendant on notice that failure to file an answer to the complaint subjects him to the risk of a default judgment." *SUA Ins. Co. v. Buras*, 421 Fed. App'x 384, 385 (5th Cir. 2011) (affirming district court's entry of default judgment in a declaratory action brought by a commercial general liability insurer).

The court finds that Allstate is entitled to the relief requested and hereby enters this Default Judgment against BNA adjudicating that it has no right to any proceeds from the Allstate policy at issue herein. Allstate further asks the court to certify this judgment as a final judgment pursuant to Fed. R. Civ. P. 54(b), as this judgment applies to only one party in a multiple-party action. The relief will be granted.

It is, therefore, **ORDERED AND ADJUDGED** that the plaintiff's motion for default judgment against BNA Bank a/k/a Bank of New Albany is **GRANTED,** and Default Judgment is hereby entered against said defendant. Further, the court hereby certifies this judgment as a final judgment against BNA Bank a/k/a Bank of New Albany pursuant to Fed. R. Civ. P. 54(b).

This, the 15th day of September, 2016.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**